1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN ZHIYING TECHNOLOGY CO LTD,<br><br>Plaintiff(s),<br><br>v.<br><br>HONG KONG XINGTAI INTERNATIONAL TRADE CO LIMITED,<br><br>Defendant(s). | CASE NO. C25-2263-KKE<br><br>ORDER ON MOTION FOR ALTERNATIVE SERVICE OF PROCESS |

This patent infringement matter comes before the Court on Plaintiff Shenzhen Zhiying Technology Co. Ltd.'s ex parte motion for alternative service of process. Dkt. No. 5. For the reasons below, the Court will grant Plaintiff's motion.

## I.  BACKGROUND

On November 13, 2025, Plaintiff brought this lawsuit seeking declaratory judgment of patent non-infringement by its decorative outdoor solar lights, which are sold through Amazon.com, under the Declaratory Judgment Act and the Patent Act. Dkt. No. 1. Plaintiff is a company located in Shenzhen City, Guangdong Province, China, and, at the time of filing its complaint, asserted that Defendant Hong Kong Xingtai International Trade Co Limited is a company located at "Unit 1406A, 14/F, The Belgian Bank Building, Nos. 721-725 Nathan Road, Kowloon, Hong Kong." Dkt. No. 1 ¶¶ 3, 4.

Since filing its complaint, Plaintiff's investigation of Defendant's Hong Kong address revealed that the address appeared not to be linked to Defendant, but is instead associated with "multiple unrelated entities, including trading companies, consulting firms, and corporate-service providers." Dkt. No. 5-1 ¶ 5; *see* Dkt. Nos. 5-2–5-18 (screenshots of businesses other than Defendant listing the Unit 1406A address on their websites). Plaintiff infers that, rather than being Defendant's address, the Unit 1406 address is "nothing more than a generic virtual office or mail-drop location," and that there is no "indication that Defendant maintains an actual presence there." Dkt. No. 5 at 3. Accordingly, Plaintiff represents that it lacks a "known" physical address for Defendant at this time and seeks to serve Defendant using the email address Defendant provided to assert its patent rights in a related Amazon Patent Evaluation Express ("APEX") proceeding. *Id.* at 2.

## II.    DISCUSSION

### A.    Legal Standard

Federal Rule of Civil Procedure 4(h)(2) allows for service of foreign corporations "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Rule 4(f) provides three means to complete international service; one is not preferred over another. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Plaintiff requests to serve Defendant under Rule 4(f)(3), which permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief'"; "[i]t is merely one means among several which enables service of process on an international defendant." *Rio Props.*, 284 F.3d at 1015. The district court has "the discretion … to balance the limitations of email service against its benefits in any particular case." *Id.* at 1018.

1   "Even if facially permitted by Rule 4(f)(3), a method of service of process must also

2   comport with constitutional notions of due process." *Rio Props.*, 284 F.3d at 1016.  To satisfy due

3   process, any method of service directed by the Court "must be 'reasonably calculated, under all

4   the circumstances, to apprise interested parties of the pendency of the action and afford them an

5   opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank*

6   *& Trust Co.,* 339 U.S. 306, 314 (1950)).

7   **B.    Service by Email Complies with Rule 4(f)(3)**

8       To comply with Rule 4(f)(3), service of process via email on defendants in Hong Kong

9   must not be "prohibited by international agreement."  Fed. R. Civ. P 4(f)(3).  Hong Kong[1] is a

10  signatory to the Hague Convention.  *Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store*, C21-

11  766-RSM, 2021 WL 4307067, at *1 (W.D. Wash. Sep. 22, 2021).  But the Hague Convention

12  "shall not apply where the address of the person to be served with the document is not known."

13  Hague Convention, art 1.  In this case, Plaintiff represents that it does not know the address of

14  Defendant, so the Hague Convention neither applies nor bars service by email.  *See Amazon.com,*

15  *Inc. v. Chen*, C21-1456-BJR-SKV, 2023 WL 7017077, at *2 (W.D. Wash. Oct. 25, 2023); *see also*

16  *Amazon.com, Inc. v. KexleWaterFilters*, C22-1120JLR, 2023 WL 2017002 (W.D. Wash. Feb. 15,

17  2023).

18      Even if the Hague Convention applies, email service on defendants located in Hong Kong

19  is not prohibited by it or any other international agreement.  *See Dafang HaoJiafu Hotpot Store*,

20  2021 WL 4307067, at *1 (holding the same and granting motion for alternative service on

21

22  ---

[1] Hong Kong is designated as a "special administrative region of the People's Republic of China, which has advised the United States that the Hague Service Convention is in effect in Hong Kong."  *Facebook, Inc. v. Banana Ads,*

23  *LLC*, C-11-3619 YGR, 2012 WL 1038752, at *2 n. 5 (N.D. Cal. Mar. 27, 2012); *see also* Declaration/Reservation/Notification, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (last visited January 6, 2026) ("The Convention has been extended to

24  Hong Kong.").

1    defendant in Hong Kong).  Accordingly, service by email is not prohibited by international

2    agreement and Plaintiff has shown that an order permitting service by email would comply with

3    Rule 4(f).

4    **C.    Service by Email Satisfies Due Process**

5        Plaintiff requests to effect service upon Defendant under Rule 4(f)(3) using an email

6    address that Defendant provided to Amazon to assert its own patent rights in the related APEX

7    proceeding.  Dkt. No. 1 ¶ 11, Dkt. No. 1-2 at 3.  Plaintiff argues that "[s]ervice to that address is

8    reasonably calculated to provide notice because it is the very channel Defendant selected to

9    communicate its patent-enforcement position" in the APEX proceeding regarding the patent at

10   issue in this lawsuit.  Dkt. No. 5 at 5.

11       The Court agrees with Plaintiff that the due process requirement is satisfied.  Here, Plaintiff

12   has provided evidence that Defendant used the same email address to communicate with the

13   Amazon evaluator in the context of the related APEX proceeding.  *See* Dkt. No. 1-2 (Defendant's

14   CEO providing email address to "be used by the Evaluator and Amazon for communications

15   related to the Evaluation" on October 30, 2025).  Accordingly, the Court finds it is likely that

16   service of process via email is likely to provide Defendant with notice of this lawsuit.  *See Dafang*

17   *HaoJiafu Hotpot Store*, 2021 WL 4307067, at *1 (granting motion for alternative service upon

18   email addresses associated with defendants' Amazon selling accounts).

19                    **III.   CONCLUSION**

20       Accordingly, the Court GRANTS Plaintiff's motion for electronic service of process.  Dkt.

21   No. 5.  Plaintiff may effect service of process through email service to the email address identified

22   in Plaintiff's motion.  Plaintiff must then file proof of service on the docket.

23

24

ORDER ON MOTION FOR ALTERNATIVE SERVICE OF PROCESS - 4

1      Dated this 7th day of January, 2026.

2

3                                        _____
                                         Kymberly K. Evanson
4                                        United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24